# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARRY D. GIBBS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15CV88 SNLJ |
| CITY OF NEW MADRID, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff moves for leave to proceed in forma pauperis in this civil action under 42 U.S.C. §1983. The motion is granted. Additionally, the Court will administratively stay this case pending the outcome of plaintiff's criminal action in state court.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### Background

Plaintiff alleges that the individual defendants, who are police officers in New Madrid County, violated his Fourth and Fifth Amendment rights. According to the complaint, plaintiff was hosting an open house at his business place, Next Level Lounge & Restaurant on May 20, 2012. Several police officers arrived there around midnight, charging plaintiff with operating the business without the proper licenses. Plaintiff denied the charge and showed the officers some

receipts, which he said were for the licenses. He does not allege that he actually possessed the licenses.[1]

Plaintiff alleges that defendant McFerren, Chief of Police for New Madrid County, then ordered his officers to take plaintiff outside. Plaintiff says that defendants McFerren, White, Brandenburg, Simmons, Dubois, Roberts, Shelly, Rhades, and Johnson then kicked him, choked him, and tasered him without provocation. The officers took plaintiff to jail, and he was released the following day.

Plaintiff says that he returned to his business on May, 26 2012, and that "defendants" arrested him "with no basis in fact or law to do so." Plaintiff brings one count of excessive force and one count of false arrest.

On May 22, 2012, the New Madrid County Prosecutor filed a complaint against plaintiff, charging him with one count of assault of a law enforcement officer and one count of resisting arrest. *Missouri v. Gibbs*, No. 12NM-CR00544 (New Madrid County). A jury trial is set for June 17, 2015. *Id.*

**Discussion**

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil

---

[1] Plaintiff is currently being prosecuted for license violation occurring on May 20, 2012. *Missouri v. Gibbs*, No. 12NM-CR00971 (New Madrid County).

2

action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Because plaintiff has not yet been tried for the alleged crimes committed on May 20, 2012, the Court stays this case until a final judgment is entered in Case No. 12NM-CR00544. Plaintiff is directed to notify the Court once the judgment is final.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **ADMINISTRATIVLEY STAYED** pending a final judgment in *Missouri v. Gibbs*, No. 12NM-CR00544 (New Madrid County). Plaintiff must notify the Court when the judgment becomes final.

Dated this 8th day of June, 2015.

_____
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE