UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GARRY D. GIBBS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:15CV88 SNLJ |
| CITY OF NEW MADRID, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. This action was stayed under *Wallace v. Kato*, 549 U.S. 384 (2007), pending the outcome of plaintiff's criminal charges in *Missouri v. Gibbs*, No. 12NM-CR00544 (New Madrid County). Plaintiff has informed the Court that the charges in that case were dismissed. As a result, the stay is lifted. Additionally, the Court must review the complaint under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against the City of New Madrid, New Madrid County, and several police officers and sheriff deputies. Plaintiff was hosting an open house at his business place, Next Level Lounge & Restaurant, on May 20, 2012. Several police officers arrived there around midnight, charging plaintiff with operating the business without the proper licenses. Plaintiff denied the charge and showed the officers some receipts, which he said were for the licenses.

Plaintiff alleges that defendant McFerren then ordered his officers to take plaintiff outside. He says that defendants McFerren, White, Brandenburg, Simmons, Dubois, Roberts, Shelly, Rhades, and Johnson then kicked him, choked him, and tasered him without provocation. The officers took plaintiff to jail, and he was released the following day.

Plaintiff says that he returned to his business on May, 26 2012, and that "defendants" arrested him "with no basis in fact or law to do so." Plaintiff brings one count of excessive force and one count of false arrest.

## Discussion

The complaint states a plausible claim for excessive force against the individual defendants. However, plaintiff has not stated whether he intends to sue defendants in their individual capacities, official capacities, or both. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in

his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, plaintiff has not alleged that any of the defendants were directly involved with the allegedly false arrest on May 26, 2012. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, plaintiff's false arrest claim fails as a matter of law.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**.

3

**If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that the stay in this action is **LIFTED.**

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 2nd day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE