UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARRY D. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-88 SNLJ |
| | ) | |
| CITY OF NEW MADRID, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court finds that the majority of the complaint is plausible, and therefore, the Court will order the Clerk to issue process on the police defendants and the City of New Madrid.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff operated a business in the City of New Madrid called Next Level Lounge & Restaurant. On May 20, 2012, the defendant police officers entered his business and demanded to see his business licenses. Plaintiff showed them receipts for the licenses. Defendants then ordered plaintiff out of the business and into the parking lot where they assaulted and tazed him without provocation. Subsequently, they arrested and detained him. Plaintiff says he suffered injuries and had to go to the emergency room as a result.

On May 26, 2012, defendants Claude McFerren and John Dubois returned to plaintiff's business and arrested him for operating a business without a license. They arrested him and detained him until the following day.

Plaintiff says the City of New Madrid has a policy or custom of allowing its police officers to violate the rights of its citizens.

## Discussion

The complaint states a plausible claim for relief against the City of New Madrid, Claude McFerren, Ruben White, John Dubois, Dave Simmons, Anthony Roberts, Charles Brandenburg, Troy Shelly, Ricky Rhoades, and Joshua Johnson. Therefore, the Court will order the Clerk to serve these defendants with process.

The complaint does not allege that a policy or custom of the County of New Madrid led to plaintiff's injuries. Therefore, the Court will dismiss this defendant. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). The complaint does not state sufficiently specific allegations regarding the identities of the John Doe defendants. As a result, they will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants City of New Madrid, Claude McFerren, Ruben White, John Dubois, Dave Simmons, Anthony Roberts, Charles Brandenburg, Troy Shelly, Ricky Rhoades, and Joshua Johnson.

**IT IS FURTHER ORDERED** that defendants County of New Madrid, John Doe #1, and John Doe #2 are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 11th day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE