# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GARRY D. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV88 RLW |
| | ) |
| CITY OF NEW MADRID, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss by separate Defendants City of New Madrid, Anthony Roberts, Claude McFerren, Dave Simmons, John Dubois, and Ruben White (collectively "City Defendants") (ECF No. 98). The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will grant the City Defendant's motion to dismiss in part and deny in part.

## I. Background

Plaintiff filed a Complaint *pro se* on May 20, 2015. The district court granted Plaintiff's motion to proceed *in forma pauperis* but administratively stayed the action pending a judgment in Plaintiff's underlying criminal action. (ECF No. 4) On December 27, 2016, Plaintiff filed a Memorandum for Clerk indicating that the criminal charges were dismissed, and Plaintiff was seeking legal representation. (ECF No. 6) On February 2, 2017, the stay was lifted, and the court ordered Plaintiff to file an amended complaint. (ECF No. 7) After several extensions of time, Plaintiff filed his Amended Complaint on March 24, 2017. (ECF No.13) On June 20, 2017, the court issued a case management order, after which the case was reassigned to this Court. (ECF Nos. 44, 47)

The Court granted Plaintiff leave to file three more amended Complaints and then issued a new case management order on August 25, 2017. (ECF No. 68) However, on October 25, 2017, two attorneys entered their appearance on behalf of Plaintiff and filed a Fifth Amended Complaint. (ECF No. 76) On November 21, 2017, Plaintiff filed his Sixth Amended Complaint, which is the subject of the present to dismiss. (ECF No. 86)

Plaintiff's Sixth Amended Complaint alleges that Plaintiff, an African American residing in St. Louis, Missouri, owns The Next Level Lounge located in New Madrid, Missouri. (Sixth Amended Complaint ["SAC"] ¶¶ 5, 7, ECF No. 86) The complaint further states, "[a]t approximately midnight of May 20, 2012, Plaintiff was brutally attacked at his place of business by law enforcement officers from the City of New Madrid Police Department, the New Madrid County Sheriff's Department, and the Missouri State Highway Patrol." (SAC ¶ 1) According to Plaintiff, the officers raided his business "based on a suspicion of invalid business operating licenses despite the fact that Plaintiff had all legally relevant licenses and authority from the City Clerk to host an open house event." (Id.) Plaintiff alleges that the "officers forcefully removed [him] from his business . . . [and] repeatedly shocked Plaintiff with a taser and beat him, breaking several bones in his face." (Id. at ¶ 2) Plaintiff claims that he suffered damages as a result of the Defendants' actions, and he seeks monetary damages and injunctive relief. (Id.)

With respect to the licensing for The Next Level Lounge, Plaintiff asserts he stayed current with all licensing requirements for his business beginning in 2009. (Id. at ¶¶ 17-19, 22-25) Plaintiff further alleges that in 2012, he applied and paid for his business licenses and was told by the Clerk of the City of New Madrid that his license would be mailed to him and that he was free to host an open house event. (Id. at ¶¶ 26, 28-30) However, Plaintiff contends that the license clerk and the city attorney misapplied Plaintiff's license fee to an unrelated debt he owed

2

and withheld his 2012 city license and other licenses because they did not want "people like his kind in the community or his type of clients in the community . . . ." (*Id.* at ¶ 31)

The complaint further alleges that around midnight on the night of the open house, officers entered The Next Level Lounge and informed Plaintiff that he was not authorized to operate his business. (*Id.* at 32-37) Plaintiff claims that he showed the officers his paid business license receipt; however, the officers forcibly removed him from his business and beat and tased Plaintiff while the Troopers and some other officers watched and failed to intervene. (*Id.* at ¶¶ 37-48) According to Plaintiff, he was taken to the ER and later charged with three criminal counts, which were dismissed. (*Id.* at ¶¶ 51-52) When Plaintiff returned to the lounge, officers arrested Plaintiff and charged him operation of a business without a license. (*Id.* at 54)

Plaintiff's Sixth Amended Complaint raises five claims. Count I alleges a violation of Plaintiff's Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, against Defendants Claude McFerren, Chief of Police for the City of New Madrid Police Department, and Officers John Dubois and Ruben White, officers with the City of New Madrid Police Department ("City Officers"); Officers Troy Shelly, Charles Brandenburg, Ricky Rhoades, and Joshua Johnson, officers with the New Madrid County Sheriff's Department ("County Officers"); the City of New Madrid ("City"); and the County of New Madrid ("County"). Plaintiff alleges that these Defendants subjected Plaintiff to an unreasonable search and seizure and excessive force. (*Id.* at ¶¶ 58-62)

In Count II, Plaintiff brings a § 1983 action for conspiracy to violate Plaintiff's Fourth Amendment Rights against the County Officers, City Officers,[1] and Troopers D.L. DeJournett and C.L. Purnell with the Missouri State Highway Patrol ("Troopers"). Plaintiff contends that

---

[1] Officers David Simmons and Anthony Roberts are also included as "City Officers."

Defendants reached a mutual understanding in a meeting before approaching Plaintiff's business and conspired to violate his civil rights. (*Id.* at ¶¶ 63-68)

For his Third Count, Plaintiff alleges that the City violated his right to due process under the Fourteenth Amendment and use of property under the Fifth Amendment. Plaintiff asserts that the City misapplied his business license fee with no notice or opportunity to be heard, refused to issue a new business license, arrested him without probable cause, and took his property. (*Id.* at ¶¶ 69-78) Count IV alleges municipal liability against the City for delegating authority to the City Officers to make policy and for failure to properly hire, train, supervise, control, and/or discipline the City Officers. Plaintiff further contends that the City had a policy or custom of failing to investigate claims and improperly training officers which resulted in damages to Plaintiff. In addition, Plaintiff asserts that purchase of insurance by the City constitutes a waiver of sovereign immunity. (*Id.* at 79-96) Finally, Count V alleges municipal liability against the County for reasons similar as those brought against the City in Count IV. (*Id.* at ¶¶ 97-114)

## II. Legal Standard

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Supreme Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough

4

to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Motion to Dismiss by the City Defendants

The City of New Madrid Defendants move to dismiss all counts against them, arguing that the claims are conclusory and require dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court will grant in part, and deny in part, Defendants' motion.

## A. Fourth Amendment Claims

City Defendants contend that dismissal under Rule 12(b)(6) is warranted because the complaint fails to state a claim against the individual officers. Further the City Defendants argue that Plaintiff is unable to demonstrate a Fourth Amendment violation for either unlawful arrest or excessive force and, in any event, the claims are barred by qualified immunity. First, the Court finds that the complaint sufficiently raises allegations against each individual officer named in Count I. Further, while the City Defendants cite the proper standard for addressing a motion to dismiss, the Court notes that the cases upon which the City Defendants rely in support of dismissal of Plaintiff's Fourth Amendment claims were determined at the summary judgment stage, not in a motion to dismiss. *See, e.g., Chambers v. Pennycook*, 641 F.3d 898 (8th Cir. 2011) (addressing plaintiff's excessive force claims and officers' qualified immunity defense at the summary judgment stage); *McCoy v. City of Monticello*, 342 F.3d 842 (8th Cir. 2003) (addressing plaintiffs' § 1983 claim alleging violations of Fourth Amendment rights and defendants' qualified immunity claim on summary judgment).

All that is required is that Plaintiff set forth plausible facts that he is entitled to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Here, Plaintiff alleges that although he received authorization from the City Clerk to host the open house event and produced valid business license receipts, the City Officers nonetheless arrested him without probable cause (SAC ¶¶ 37-39) Further, Plaintiff alleges that the City Officers used excessive force during the unlawful arrest, despite Plaintiff's non-resistance. (*Id.* at ¶¶ 40-50) At this stage of the litigation, the Court finds that Plaintiff has adequately stated a claim that the individual officers violated his

6

Fourth Amendment rights as set forth in Count I. However, as explained more thoroughly below, Plaintiff has failed to state a Fourth Amendment claim against the City under the theory of municipal liability, and Count I as to the City will be dismissed.

### B. Civil Conspiracy

Likewise, the Court finds that Plaintiff has stated a claim for civil conspiracy against the City Defendants such that dismissal under Rule 12(b)(6) is not appropriate. To adequately allege a § 1983 conspiracy claim, a plaintiff must allege facts showing a mutual understanding or meeting of the minds between the alleged conspirators. *Brown v. City of Pine Lawn, Mo.*, No. 4:17CV01542 ERW, 2018 WL 950211, at *6 (E.D. Mo. Feb. 20, 2018) (citation omitted). Here, Count II of the complaint alleges the Defendants, including the City Officers, "reached a mutual understanding in a meeting before approaching Plaintiff's business and conspired with each other to violate Plaintiff's civil rights." (SAC ¶ 64) Plaintiff then alleges additional facts regarding how the City Clerk coordinated with law enforcement and how Defendants carried out this mutual understanding. (*Id.* at ¶¶ 31-35, 64) Accepting these allegations as true, the Court finds at the motion to dismiss stage that these allegations are sufficient to plead a claim for conspiracy against the City Officers. *See Jiang v. Porter*, 156 F. Supp. 3d 996, 1010 (E.D. Mo. 2015) (finding plaintiff "pointed to at least some facts suggesting that defendants had a meeting of the minds or reached an understanding to violate plaintiff's civil rights").

### C. Due Process/Taking

In Count III, Plaintiff asserts that Defendant City violated his right to due process under the Fourteenth Amendment and his property rights under the Fifth Amendment. Specifically, Plaintiff claims that the City denied him procedural and substantive due process by applying his business license fee to another property with no notice, opportunity to be heard, or right to

7

appeal; continuing to refuse a new business license; denying the opportunity to be heard on a liquor license review; and taking his property by arresting him, failing to issue a business license, and threatening him with future arrest. (SAC ¶ 71)

The City first argues that Plaintiff's claim of procedural due process is not ripe because the complaint fails to allege that the City's decisions to deny Plaintiff's business and liquor licenses were final. However, Plaintiff contends that the City denied his 2012 business license application by applying the money to another debt and then withheld that and subsequent licenses without affording Plaintiff an opportunity to appeal.

With respect to the due process claim, "where the alleged constitutional violation is one of procedural due process, exhaustion of state remedies is necessary before the allegations can state a claim under § 1983." *Westmoreland Real Estate, L.L.C. v. City of St. Louis, Mo.*, No. 4:11CV1648 CDP, 2012 WL 2458403, at *5 (E.D. Mo. June 27, 2012). Here, at the pleading stage, the Court finds that Plaintiff's allegations that the City's denials did not give rise to an appeal is sufficient to overcome the City's motion to dismiss Plaintiff's procedural due process claim. *But see Westmoreland Real Estate*, 212 WL 2458403, at *5 (dismissing plaintiffs' procedural due process claim under Rule 12(b)(1) for lack of ripeness where plaintiffs' appeal with the Board of Adjustment was not final).

The Court further finds that Plaintiff has sufficiently stated a substantive due process claim to survive the City's motion to dismiss. "To prevail on a substantive due process claim, [Plaintiff] must show 'a constitutionally protected property interest and that . . . officials used their power in such an arbitrary and oppressive way that it 'shocks the conscience.'" *Novotny v. Tripp Cnty., S.D.*, 664 F.3d 1173, 1178 (8th Cir. 2011) (quoting *Gallagher v. Magner*, 619 F.3d 840 (8th Cir. 2010)). Here, Plaintiff alleges that he had an interest in his property and the right to

8

use it for economic benefit through employment. Plaintiff further alleges that the City deprived him of this right by arbitrarily and capriciously misapplying his business application fee; unjustly arresting him when he returned to his property; and continuing to harass Plaintiff and invoke fear of re-arrest. (SAC ¶¶ 71-75) The Court finds that Plaintiff has stated plausible facts sufficient to state a claim for substantive due process at the motion to dismiss stage.

However, the Court agrees with the City that Plaintiff's takings claim fails because Plaintiff has not properly pled that the City deprived him of his property. The Court further finds that the claim is not ripe for adjudication. Plaintiff contends that the City has taken his property because the City has denied him access to his property and thus has denied Plaintiff all economic interest in the property. Plaintiff does not allege a permanent physical taking of his property; instead, Plaintiff appears to raise a claim of regulatory taking. A regulatory taking may occur where a regulation completely deprives a property owner of "'*all* economically beneficial us[e]' of [his] property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992)). Plaintiff's complaint is void of any facts stating that a *regulation* has deprived him of economic use of his property. Furthermore, "[i]n order for a takings claim to be ripe, a landowner must have sought compensation from the state through the available state procedures and been denied such compensation." *Westmoreland Real Estate*, 2012 WL 2458403, at *5 (citation omitted). Here, Plaintiff has not sought just compensation through the state through an inverse condemnation claim or otherwise alleged that such procedure is inadequate. Thus, the Court finds that dismissal is warranted on Plaintiff's claim that the City violated his Fifth Amendment rights by unlawfully taking his property.

9

## D. Municipal Liability

Finally, the City argues that Plaintiff has failed to state a claim for municipal liability for any § 1983 claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Municipalities may be sued under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. While a municipality cannot be held liable solely on the basis of employing a tortfeasor, it can be held liable where "some official policy, 'causes' an employee to violate another's constitutional rights." *Id.* at 691-92. Plaintiff need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). "'At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.'" *Id.* (quoting *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff has plead that the City had a policy or custom of failing act on and or investigate complaints of unconstitutional conduct and a policy of improperly training, supervising, and disciplining officers with respect to the enforcement of ordinances and the use of tasers and force. (SAC ¶ 88) Further, Plaintiff alleges that these deficiencies constitute "a prior pattern of unconstitutional conduct so 'persistent and widespread' as to have the effect and force of law." (*Id.* at ¶ 89) According to the complaint, these policies or customs include "hitting, kicking, punching, and/or tasing individuals after they have already been handcuffed and/or incapacitated; tasing individuals without verbal warning; and excessively tasing individuals." (*Id.* at ¶ 59) Plaintiff further alleges that City policymakers delegated final policymaking authority to the individual Defendant Officers. (*Id.* at ¶¶ 79, 80)

Accepting as true all factual allegations in the complaint, and viewing them in the light most favorable to the Plaintiff, the Court finds that Plaintiff has failed to state a plausible claim of municipal liability against the City. While Plaintiff combines policy and custom in his complaint, Plaintiff has failed to allege facts sufficient to support the existence of either an unconstitutional policy or custom. Indeed, aside from his conclusory allegations that there are prior similar complaints about this alleged unconstitutional policy or widespread pattern of unconstitutional conduct, Plaintiff's allegations pertain solely to his injury. "Generally, an isolated incident of alleged police misconduct, such as [Plaintiff] alleges occurred here, cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citation omitted).

Further, with respect to failure to train or supervise, "[a] municipality may be liable under § 1983 for failure to train where (1) the municipality's training practices were inadequate; (2) the municipality was deliberately indifferent to the constitutional rights of others, . . . ; and (3) an alleged deficiency in the training procedures actually caused the plaintiff's constitutional injury." *Rodgers v. Knight*, 781 F.3d 932, 942 (8th Cir. 2015) (citation and internal quotation omitted). "'A pattern of similar constitutional violations by untrained employees'" is ordinarily required to show deliberate indifference on a failure to train claim. *Crump v. Boester*, No. 4:14 CV 1975 RWS, 2016 WL 1624017, at *3 (E.D. Mo. Apr. 25, 2016) (quoting *Connick v. Thomson*, 563 U.S. 51, 62 (2011)). Here, Plaintiff uses circular reasoning to claim that the City was deliberately indifferent in training and supervising by failing to properly train and supervise, without any supporting facts. (SAC ¶ 82) Mere assertions that the City was deliberately indifferent in training and supervising the City Officers do not begin to allow the Court to draw the reasonable inference that the Board Defendants may be liable for failing to properly train or

supervise its officers, especially where, as here, Plaintiff alleges an isolated incident of misconduct. *See Crump*, 2016 WL 1624017, at *3 (finding allegations that defendant municipal board was responsible for training and supervising its officers was insufficient to state a claim for municipal liability on a failure to train theory).

Finally, with respect to Plaintiff's claim that the City delegated policymaking authority to the individual City Officers, the Court finds Plaintiff has failed to state a claim. In the complaint, Plaintiff names the final policymakers and the fact that they delegated this authority to empower City Officers to make policy concerning police activity, investigations, standards, or protocol. (SAC ¶ 80) However, "a subordinate official possesses delegated final policymaking authority when that official acts (1) free of review and (2) without any constraints imposed as a matter of policy by the original policymaker." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017). "'Simply going along with discretionary decisions made by one's subordinates ... is not a delegation to them of the authority to make policy.'" *Bolderson v. City of Wentzville, Missouri*, 840 F.3d 982, 986 (8th Cir. 2016) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988)). Here, Plaintiff provides no factual content for the Court to infer that City policymakers delegated final policymaking authority without constraints as required to state a claim for municipal liability under § 1983. Therefore, the Court will dismiss Count IV of Plaintiff's Sixth Amended Complaint.

As a housekeeping matter, the Court notes that Plaintiff has filed a motion to compel the deposition testimony from a proper corporate representative of Defendant City and for sanctions. Defendant City opposes the motion and has requested a hearing on the matter. In light of the Court's ruling on Defendant City's motion to dismiss, which disposes of some of Plaintiff's claims, the Court will deny the motion to compel without prejudice. Plaintiff may re-file the

motion, if necessary, after the parties have met and conferred regarding the scope of the deposition topics.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss by separate Defendants City of New Madrid, Anthony Roberts, Claude McFerren, Dave Simmons, John Dubois, and Ruben White (ECF No. 98) is **GRANTED** as to Count I – Fourth Amendment Violations against the City of New Madrid only; Count III – Loss of Property under the Fifth Amendment against the City of New Madrid; and Count IV – Municipal Liability against the City of New Madrid.

**IT IS FURTHER ORDERED** that the Motion to Dismiss as to Count I – Fourth Amendment Violations against the City Officers; Count II – Civil Conspiracy; and Count III – Violation of Due Process against the City of New Madrid is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel/Sanctions (ECF No. 118) is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Defendant City's Motion for Hearing, Alternatively, for Leave to File a Sur-Reply (ECF No. 128) is **DENIED.**

Dated this 17th day of April, 2018.

*/s/ Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**