UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARRY D. GIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV88 RLW |
| | ) |
| CITY OF NEW MADRID, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's Sixth Amended Complaint[1] by Defendants Troopers D.L. DeJournett and C.L. Purnell (collectively "Troopers"). (ECF No. 91) The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will grant the Troopers' motion to dismiss.

## I. Background

The Court stated the background of this case in its Memorandum and Order of April 17, 2018 addressing the motion to dismiss by Defendants City of New Madrid, Anthony Roberts, Claude McFerren, Dave Simmons, John Dubois, and Ruben White. The Court incorporates those facts by reference as if fully set forth herein. With respect to the Troopers, Plaintiff raises only one claim against them, Conspiracy to Violate Plaintiff's Fourth Amendment Rights in Count II of the Sixth Amended Complaint. Plaintiff alleges that the Troopers and other individual Defendants reached a mutual understanding in a meeting and conspired to violate Plaintiff's civil rights. (Sixth Amended Complaint ["SAC"] ¶ 64, ECF No. 86) In furtherance, Plaintiff claims that the Troopers witnessed the force used against Plaintiff and failed to

---

[1] Defendants' Motion erroneously refers to Plaintiff's Fifth Amended Complaint; however, their Memorandum in Support correctly references the Sixth Amended Complaint. (ECF No. 92)

intervene. (*Id.* at ¶¶ 41-42, 48, 64(b)) The Troopers have filed a motion to dismiss, arguing that Plaintiff has failed to state claim for conspiracy.

## **II. Legal Standard**

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Supreme Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v.*

2

*Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

### III. Discussion

Defendant Troopers argue that Plaintiff has failed to allege sufficient facts against them to state a claim for conspiracy such that dismissal under rule 12(b)(6) is appropriate. The Court agrees. To adequately allege a § 1983 conspiracy claim, a plaintiff must allege facts showing a mutual understanding or meeting of the minds between the alleged conspirators. *Brown v. City of Pine Lawn, Mo.*, No. 4:17CV01542 ERW, 2018 WL 950211, at *6 (E.D. Mo. Feb. 20, 2018) (citation omitted). Unlike the City Officers, Plaintiff's complaint provides no specific factual allegations that the Troopers were present at the meeting conducted by the City of New Madrid Police Chief Claude McFerren. (SAC ¶ 34) Plaintiff claims that his complaint inherently includes Defendants DeJournett and Purnell as members of those in attendance. However, Plaintiff's complaint alleges no facts which would allow the Court to infer that these specific Troopers had a "meeting of the minds" with any other alleged conspirator to violate Plaintiff's constitutional rights. The only allegations against the Troopers are that they failed to act during Plaintiff's arrest. This is insufficient for a conspiracy claim. *See Kalu v. Brooklyn Park Police/Fed'n*, No. CV 15-112 (SRN/JJK), 2015 WL 5719462, at *8 (D. Minn. Sept. 28, 2015) (dismissing plaintiff's conspiracy claim where the complaint failed to allege a meeting of the minds among the specific defendants or any defendant and another person and merely alleged

3

that defendant officers falsely arrested plaintiff). Thus, the Court finds that Plaintiff has failed to state a plausible conspiracy claim against the Troopers, and dismissal under Rule 12(b)(6) is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Sixth Amended Complaint (ECF No. 91) is **GRANTED**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of April, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**